By the Court.-—Sedgwick, J.
The words, “I mean to say that Captain Clapp ” (the plaintiff) “ robbed the almonds, and I can prove it,” were used by the defendant in the conduct of his own affairs, where his interest was concerned, and in reference to his interest. They therefore formed a privileged commumcation (Klinck v. Colby, 46 N. Y. R. 433). This was matter of law for the court to decide (Id. 431).
*173 To maintain this action, the plaintiff had to offer some evidence of the existence of malice, beyond the mere falsity of the charge (Lewis v. Chapman, 16 N. Y. R. 373).
The Court of Appeals holds, that, after the court has determined the communication to be privileged, “the question of good faith, belief in the truth of the statement, and the existence of actual value, remains,” and this question is one for the jury (Klinck v. Colby, 46 N. Y. R. p. 431; Lewis v. Chapman, 16 N. Y. R. 375).
The present case does not call for a consideration of whether the plaintiff may rely upon the presumption of innocence, as sufficient on his part to show the falsity of the charge. He gave affirmative testimony as to the falsity of the charge. If the presumption of innocence is not sufficient to take the case to the jury on the point of the falsity of the charge, and there is no testimony offered by the plaintiff as to his innocence, it may be that the court should treat it in the manner that matters of fact in general are treated, as to which no evidence has been offered.
Beyond this, it is clear, under the cases cited, the court must call on the jury to say whether it has been shown that the defendant was actuated by express malice in his use of the words. The court cannot decide this as matter of law against a plaintiff. This is true, if no specific evidence of malice is given, outside of the train of facts put in evidence, in connection with the uttering of the alleged slander. The plaintiff in the present case did give some such specific evidence, when his witnesses testified that the defendant had repeatedly used the words concerning the plaintiff (Root v. Loundes, 6 Hill, 519).
Therefore the court should have allowed the case to go to the jury, on the question of the good faith of the defendant, his belief in the truth of the statement, and the existence of actual malice.
*174 The instruction to the jury would have been that they must find for the defendant, unless the evidence showed that he did not speak in good faith, believing the statement to be true, and that he was chargeable with express malice.
I think the complaint was erroneously dismissed.
The respondent takes the ground, that as the word “robbed” could not have had its technical meaning in the mouth of the defendant, the court may have held that when considered in connection with the business settlement in the course of which it was used, it was intended to only mean and refer to the claim made by the defendant, that the cargo was short, or that the whole of it had not been delivered as required by the bill of lading ; and therefore that the word was not slanderous.
This cannot be sustained. If the word evidently was not used technically, then, in a state of facts like the present, the jury should have been asked to fix what the defendant did mean by it.
At any rate, it is not clear that the defendant meant only to say that the plaintiff was responsible for the cargo being short.
The judgment should be set aside, and a new trial had, with costs to the appellant to abide the event.